PER CURIAM.
In these consolidated appeals, Packaging Corporation of America challenges two final orders of the Department of Administrative Hearings (DOAH), and action by the Department of Environmental Regulation (DER), all of which involve the water quality classification of Jumping Gully Creek in Hamilton County, Florida. Appellant and its subsidiary own the land in Georgia and Florida through which the creek flows, as well as a pulp and paper mill in Georgia which discharges treated effluent into the creek, a tributary of the Withlacoochee River.[1]
Case number 91-1768 appeals the May 1991 final order of the DOAH hearing officer invalidating the existing DER rules which designated the creek as “unclassified.” [2] Case number 91-2315 appeals the July 1991 final order of the DOAH hearing officer dismissing as moot appellant's challenge to proposed rules which amend the existing rules to eliminate the creek’s “unclassified” designation.[3]
In December 1990, while these rule challenges were pending, the parties presented evidence at a hearing before the Environmental Regulation Commission (ERC), which approved the proposed amendments *1275 to DER’s rules. Because litigation was pending on the proposed rule challenge, DER could not file these approved amended rules at that time. Case number 91-3116 appeals the September 1991 filing of DER’s rule certification package with the Secretary of State, amending Rule 17-302.-600 to delete subsection (3)(b), and repealing Rule 17-302.610.
The effect of the proceedings below is that Jumping Gully Creek is no longer the only “unclassified” water of the State of Florida, but is now designated a Class III water body, the highest and best use of which is considered to be recreation and the propagation and maintenance of a healthy, well-balanced population of fish and wildlife. We affirm each of the challenged agency actions.
We note, however, that at several points in the record before us,[4] DER has expressed its intention of handling Jumping Gully Creek in a manner consistent with its past handling of several other similar streams, including giving the discharger an opportunity to demonstrate that compliance with Class III standards is unattainable or unreasonably expensive, and granting some time-limited relief (temporary operating permits, variances, alternative water quality standards, etc.), if merited.
AFFIRMED.
BARFIELD, ALLEN and KAHN, JJ., concur.

. This river is a tributary of the Suwannee River. We note that there is also a Withlacoochee River located in Central Florida.

. Appellant had challenged the validity of rule 17-302.600(3)(b), Florida Administrative Code, which designated Jumping Gully Creek as "unclassified,” and rule 17-302.610, Florida Administrative Code, which provided that certain minimum water quality standards apply to the creek, notwithstanding its "unclassified" status. The Sierra Club, et al., also challenged the validity of these existing rules, contending that they unlawfully excepted the creek from DER’s water classification scheme and the water quality regulations applicable to all other waters of the state. DER supported this position, asserting that the existing rules were arbitrary and capricious, resulting from mistakes by the 1971 Board of the Department of Air and Water Pollution Control (DAWPC). Appellant and Sierra Club were allowed to intervene in each others' rule challenges, and the cases were consolidated. Thereafter, appellant changed its position on 17-302.-600(3)(b), arguing that it was valid and that DAWPC’s exclusion of the creek from the definition of "waters” of the state should be considered reasonable.

.Appellant had challenged the validity of DER’s proposed rules repealing rule 17-302.610 and amending rule 17-302.600 to delete the provision designating Jumping Gully Creek as "unclassified.” The hearing officer found that this rule challenge was mooted by his May 1991 order invalidating the existing rules, since the proposed rules “seek to accomplish the same result,” i.e., abolishing the rules’ exception of the creek from DER's classification system of the waters of the State of Florida.

. We specifically note the July 20, 1990, workshop notice for the proposed rules, which contains this language. We also note the transcript of the December 1990 hearing at which there was extensive discussion of the attainability of Class III standards and the alternate relief available, and the ERC was assured that the mill would be given a reasonable time for compliance and would be treated consistently with the other similar waters.